# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 299 | **DATE** | 10/12/2000 |
| **CASE TITLE** | Emmett Randle vs. City of Chicago Illinois, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. City's Motion to Dismiss [13] and Individual defendants' Motion to Dismiss [14] are granted in part, denied in part. Counts II and VII are dismissed. Counts I, III, and V are dismissed as to the City only. Count IV is dismissed insofar as it is based on underlying claims that have been dismissed as to the individual defendants. All claims for punitive damages are dismissed as to the City. All claims for attorney's fees under Counts IV and VI are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 17 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 22 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | E0-7 FILED FOR DOCKETING 00 OCT 16 PM 1:44 | date mailed notice |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EMMETT RANDLE,  )
              )
    Plaintiff, )
              )
v.            )  No. 00 C 299
              )
THE CITY OF CHICAGO ILLINOIS, and )
CITY OF CHICAGO POLICE OFFICERS )
GLENN EVANS, R. McGAVOCK, A. SUSINS )
and OTHER UNIDENTIFIED OFFICERS, )
              )
    Defendants. )

**DOCKETED**
**OCT 17 2000**

## MEMORANDUM OPINION AND ORDER

### Background

Plaintiff Emmett Randle brought suit against the Superintendent of the City of Chicago Police Department, Chicago police officers Glenn Evans, R. McGavock, A. Susins ("the individual defendants") and "other unidentified officers" alleging claims for use of excessive force, false arrest, and conspiracy under 42 U.S.C. § 1983 (Counts I, III, and V) and for assault and battery and malicious prosecution under Illinois state law (Counts II and VI). Randle also sought relief against the Superintendent under a state law *respondeat superior* theory (Count IV). Finally, Randle asserted a claim for injunctive relief (Count VII) against all defendants.

Randle's original complaint was filed in the Circuit Court of Cook County Illinois on December 29, 1999. In the complaint, Randle alleged that the individual defendant police officers arrested Randle on November 12, 1998 without justification and subjected him to

1



physical abuse and abusive language. The complaint further alleged that the officers fabricated a story of disorderly conduct by Randle in order to cover up their treatment of him. Randle alleged that on December 29, 1998 the State of Illinois declined to prosecute a misdemeanor complaint against Randle that had been filed in connection with the November 12 incident.

After the case was removed to this court, defendants moved to dismiss the complaint for a variety of reasons. After hearing arguments, this court granted the motion to dismiss only insofar as the complaint pled *respondeat superior* against the Superintendent. Plaintiff was granted leave to amend his complaint, and he did so by filing an amended complaint on May 15, 2000. The amended complaint substituted the City of Chicago ("the City") for the Superintendent and made a few other minor changes, but was in all other respects identical to the original complaint. Both the City and the individual defendants have now moved to dismiss Randle's amended complaint on several grounds. For the reasons given below, the defendants' motions are granted in part and denied in part.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if the plaintiff cannot prove any set of facts to support the claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

## I. Section 1983 Claims Against the City of Chicago

Defendant City of Chicago first argues that the claims under § 1983 should be dismissed as to the City because they are based solely on a *respondeat superior* theory. As the City correctly points out, "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). Municipalities are not liable for § 1983 violations under a theory of *respondeat superior*. *See id.* Rather, the plaintiff must allege a municipal policy or custom that caused the injury. *See id.* at 403 (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).

Randle's response to the City's argument concedes that *Brown* requires an allegation of policy or custom. In an effort to comply with this requirement, Randle's response brief simply asserts that "there are sufficient publicly reported instances of conduct by members of the City of Chicago Police Department to support an allegation that the conduct which [Randle] experienced is broadly pervasive and based on training and policy in place by the individual defendants' superiors. And, this policy is the casual [sic] connection for [Randle's] injury." Randle's Resp. to City and Indiv. Defendants' Mtn to Dismiss, ¶ 8. The court is not required to consider Randle's factual assertions made for the first time in his brief in response to defendants' motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Even assuming Randle were to allege the new matters he has asserted, he would not sufficiently allege a City policy or custom. As the Seventh Circuit stated, "although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's injury. 'Boilerplate allegations of a municipal

3

policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient . . . .'" *McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995) (quoting *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)); *see also Woodard v. Eubanks*, 94 F. Supp.2d 940, 942 (N.D. Ill. 2000). To support a claim of municipal custom or policy a plaintiff must "allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Allen v. Chicago Transit Authority*, No. 99 C 7614, 2000 WL 1038134, at *5 (N.D. Ill. July 25, 2000) (finding that plaintiff had sufficiently alleged a custom or policy by alleging nine separate incidents, combined with more general allegations of policy) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986)).

The factual allegations in Randle's complaint relate exclusively to the single instance of abusive treatment on November 12, 1998. Even Randle's new "allegation" makes no factual assertions concerning a specific City policy or custom that caused his injuries. Nor does Randle allege any facts concerning any other specific incidents from which an inference of a City policy or custom may be made. *Cf. Allen*, 2000 WL 1038134, at *5-6. His new assertion is merely a boilerplate assertion of policy or custom, based on general public knowledge of a vague class of previous Chicago Police Department incidents. This conclusory assertion is insufficient to support § 1983 claims against the City. Therefore, Counts I, III, and V are dismissed as to defendant City of Chicago.

### II. Claims Against "Other Unidentified Officers"

Next, the City argues that the claims against "other unidentified officers" should be dismissed as "meaningless and uncompensible." City's Mtn. to Dismiss at 5 (citing *Collier v. Rodriguez*, No. 96 C 0023, 1996 WL 535326, at *4 (N.D. Ill. Sep. 13, 1996)). The City's

argument is a correct characterization of the claims against unidentified defendants, but the claims must not be dismissed until after Randle has had a chance to discover information that would help him identify additional officers. *See Guy v. Riverside Police Officers*, No. 98 C 3741, 1999 WL 675296, at *3 (N.D. Ill. Aug. 18, 1999). Should Randle seek leave to amend his complaint in order to name any additional officers identified through discovery, he will be allowed to do so, as long as the applicable statute of limitations has not expired on the claims.[1] Accordingly, the City's motion to dismiss all claims against the unidentified officers is denied.

### III. Statute of Limitations on State Law Claims

Both the City and the individual defendants argue that all of Randle's state law claims are barred by the statute of limitations. They argue that Illinois law provides a one year statute of limitations for Randle's state law claims (Counts II, IV, and VI). Randle responds by citing *DiBenedetto v. City of Chicago*, 873 F. Supp. 106 (N.D. Ill. 1994) for the proposition that the limitations period on his state law claims does not commence until the termination of state criminal proceedings against him. Since the prosecution terminated on December 29, 1998 and his original claim was filed on December 29, 1999, he argues that his state law claims are not time-barred.

The Illinois Local Governmental and Governmental Employees Tort Immunity Act provides that all civil actions for injury against local entities or their employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. Randle concedes the applicability of this statute. Randle's state

---

[1] For statute of limitations purposes, such an amendment will not relate back to the time of the filing of the original complaint. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).

5

law assault and battery cause of action (Count II) accrued on the date the injury was allegedly received, November 12, 1998. *See Burge v. Harvey Police Officers*, No. 97 C 4569, 1997 WL 610045, at *2 (N.D. Ill. Sept. 25, 1997). Randle's reliance on *DiBenedetto* as to this claim is misplaced. The court in *DiBenedetto* dealt with the statute of limitations only as it relates to malicious prosecution and false imprisonment claims. *See Di Benedetto*, 873 F. Supp. at 108-09. Since Randle's original complaint was filed over one year after the alleged injury took place, the assault and battery claim is time-barred.

Randle's malicious prosecution cause of action (Count VI) did not accrue until the date that the criminal proceedings against him terminated. *See Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also Robinson v. City of Harvey*, No. 99 C 3696, 1999 WL 617655, at *2 (N.D. Ill. Aug. 11, 1999). Randle alleges that the prosecution against him was dropped on December 29, 1998, exactly one year prior to the filing of his original complaint. Randle's state law claim for malicious prosecution, therefore, is timely.

Finally, Randle's claim against the City under a state law *respondeat superior* theory (Count IV) is covered by the Tort Immunity Act, and is therefore subject to the same one year statute of limitations. Since the underlying assault and battery claim is time-barred, Randle's claim for *respondeat superior* is also time-barred as to that underlying claim. *See Burge*, 1997 WL 610045, at *2. Randle's *respondeat superior* claim is not time-barred, however, insofar as it is based on the underlying malicious prosecution claim. *See id.*

Thus, the defendants' motion to dismiss the state law claims as time-barred is granted as to Count II, granted in part and denied in part as to Count IV, and denied as to Count VI.

## IV. Conspiracy Claim

Next, the individual defendants move to dismiss Randle's § 1983 claim for conspiracy (Count V). They argue that Randle's conspiracy claim is not supported by any allegations that suggest or infer the existence of any agreement to deprive plaintiff of his constitutional rights.

Although Randle's assertions in Count V are largely conclusory, the defendants overlook some allegations elsewhere in the amended complaint that support a claim for conspiracy. In Paragraph 13 of the amended complaint Randle asserts the following: "In order to cover-up their illegal and unjustifiable treatment of [Randle], McGavock, Susnis, and Others fabricated a story that [Randle] had committed the offense of disorderly conduct." Paragraph 122 contains an allegation that the defendants initiated the criminal prosecution of Randle "to cover-up their unjustifiable physical and verbal abuse" of Randle. Taken in the light most favorable to Randle, these allegations are sufficient to suggest a meeting of the minds between the individual defendant officers. As a result, Randle's amended complaint states a claim for conspiracy. The individual defendants' motion to dismiss Count V is denied.

## V. Claim for Injunctive Relief

Both the City and the individual defendants move to dismiss Count VII of Randle's amended complaint, which purports to state a claim for injunctive relief. Count VII merely incorporates the previous factual allegations of the complaint and uses conclusory language to allege that defendants actions were willful and malicious and that Randle is entitled to injunctive relief. Following defendants' motion to dismiss the original complaint, Randle amended the complaint by adding the following allegation in Paragraph 141: "[Randle] will suffer irreparable harm should the defendants be allowed to continue their illegal conduct towards him."

Injunctive relief is a remedy, not an independent cause of action. *See Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995). Nonetheless, a plaintiff may seek an injunction where he has a legal right threatened by irreparable harm and where there is no adequate remedy at law. *See id.* at 307. A claim for injunctive relief, however, must be supported by some minimal factual allegation suggesting that there is a threat of irreparable harm. *See, e.g., Robinson v. Maentanis*, No. 95 C 6982, 1997 WL 391830, at *3 (N.D. Ill., June 9, 1997) (plaintiff failed to plead sufficient facts to suggest that there was potential for irreparable harm). Here, Randle has not made any allegations suggesting that he will suffer irreparable harm if the injunction is denied or that he has no adequate remedy at law. Instead, he tries to overcome the motion to dismiss by reciting the "magic words" in paragraph 141. Randle's conclusory assertion that he will suffer irreparable harm is unsupported by any allegation that there is an ongoing threat of injury and fails to put the defendants on notice of the nature of the claim for injunctive relief. Defendants' motion to dismiss Count VII is granted.

## VI. Malicious Prosecution Claim

Both the City and the individual defendants move to dismiss Randle's claim for malicious prosecution. To support a malicious prosecution claim under Illinois law, a plaintiff must allege: "(1) that he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998) (quoting *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Illinois courts have also required, in some cases, a showing of some "special injury" or damages beyond the usual expense, time, and annoyance that accompanies defending oneself in a lawsuit.

8

*See, e.g., Velez v. Avis Rent A Car System, Inc.*, 721 N.E.2d 652, 654 (Ill. App. Ct. 1999). Both the City and the individual defendants argue that Randle has failed to allege that the underlying criminal charges were terminated in his favor. The individual defendants also argue that Randle failed to plead a "special injury." Neither of Randle's two response briefs address these arguments.

Plaintiff has met the pleading requirements for a malicious prosecution claim under Illinois law. Randle's amended complaint alleges that the State of Illinois declined prosecution of the criminal charges against him on December 29, 1998. Such a statement is sufficient to put the defendants on notice of the claim and the grounds on which it rests. *See Burge*, 1997 WL 610045, at *2-3. Although the plaintiff ultimately bears the burden of establishing that the criminal proceedings were abandoned for reasons indicating the plaintiff's innocence, for purposes a motion to dismiss Randle has adequately pled that the prosecution was terminated in his favor. *Cf. Washington*, 127 F.3d at 557-58 (summary judgment appropriate where plaintiff demonstrated evidence of a *nolle prosequi*, but did not produce evidence that the *nolle prosequi* was entered for reasons establishing plaintiff's innocence).

The individual defendants argue that Randle has not adequately pled "special injury." This argument is not supported by Illinois law. Although Illinois courts have required a showing of special injury where the underlying prosecution is a civil one, they have not required such a showing where, as here, the underlying action is a criminal prosecution. *See Burge*, 1997 WL 610045, at *3. Where there is a criminal prosecution, an arrest, or a seizure of property, no showing of "special injury" is required. *See id.*; *Cult Awareness Network v. Church of Scientology Int'l.*, 685 N.E.2d 1347, 1354 (Ill. 1997). Here, the underlying action was a criminal

9

prosecution and Randle was arrested. Hence, the special injury requirement does not apply to Randle's claim for malicious prosecution.

In their reply brief, the individual defendants add a new argument based on *Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997). The individual defendants rely on *Washington* for the proposition that police officers may not be held liable for malicious prosecution under Illinois law unless there are allegations that the officers committed improper acts after the arrest that spurred the prosecution of defendant. This argument was presented for the first time in the individual defendants' reply brief. This court will not consider arguments raised for the first time in a reply brief. *See, e.g., Kastel v. Winnetka Board of Education, District 36*, 946 F. Supp. 1329, 1335 (N.D. Ill. 1996); *Rivera v. Grossinger Autoplex, Inc.*, No. 00 C 0042, 2000 WL 796158, at *4 n.2 (N.D. Ill. Jun. 19, 2000).

Because Randle has adequately pled each element of a malicious prosecution claim under Illinois law against both the City and the individual defendants, the defendants' motion to dismiss Count VI is denied.

## VII. Punitive Damages

Next, both the City and the individual defendants challenge Randle's claims for punitive damages. Counts I, II, III, IV, V, and VI of the amended complaint contain requests for punitive damages. The City correctly asserts that municipalities may not be held liable for punitive or exemplary damages. *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102. Randle concedes this point in his response briefs. Accordingly, all of Randle's claims for punitive damages are dismissed as to defendant City of Chicago.

The individual defendants argue that Randle improperly sought punitive damages for his

10

state law claims (Counts II, IV, and VI). Under an Illinois procedural statute, a plaintiff may not plead punitive damages in the complaint, but rather must first demonstrate at a pretrial hearing facts that might support punitive damages. *See* 735 ILCS 5/2-604.1. Of course, this is a state procedural requirement, which does not govern federal courts deciding state law claims. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996). Section 2-604.1 of the Illinois Code of Civil Procedure does not apply to federal courts hearing supplemental state law claims. *See Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *6-8 (N.D. Ill. Sep. 2, 1997) (concluding that Section 2-604.1 is procedural in nature and does not govern supplemental state law claims). The individual defendants' motion to strike the requests for punitive damages on the state law claims is denied.

### VIII. Attorney's Fees

Finally, both the City and the individual defendants argue that Randle is not entitled to attorney's fees on the state law claims (Counts II, IV, and VI). The defendants point out that Randle has failed to cite any Illinois law that would provide for the recovery of attorney's fees for any of the state law claims. In his response brief, Randle concedes that there is no authority for an award of attorney's fees for his state law claims. Since no authority has been presented to support such an award, the defendants' motion to dismiss Randle's claims for attorney's fees on Counts II, IV, and VI is granted.

For the foregoing reasons:

1) Counts II and VII are dismissed.

2) Counts I, III, and V are dismissed as to the City.

3) Count IV is dismissed insofar as it is based on underlying claims that have been dismissed as

to the individual defendants.

4) All claims for punitive damages are dismissed as to the City.

5) All claims for attorney's fees under Counts IV and VI are dismissed.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 12, 2000